seeking an order directing acceptance of the complaint (CPLR 3012 [d]).

A party seeking an extension of time to serve a pleading under CPLR 3012 (d) is statutorily required to show reasonable excuse for the delay or default but has no obligation to demonstrate merit *(see, Ching v Ching,* 125 AD2d 934). The Court of Appeals has made it clear, however, that "a party opposing a CPLR 3012 (b) motion to dismiss based upon law office failure is obligated to submit an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case." *(Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905, citing *Canter v Mulnick,* 60 NY2d 689.) Although plaintiff failed to submit such an affidavit, we may review his verified complaint as a substitute *(see,* CPLR 105 [t]).

It is well settled that a plaintiff seeking a divorce under the cruel and inhuman treatment subdivision must show serious misconduct on the part of defendant and not mere incompatibility or irreconcilable differences between the parties *(Hessen v Hessen,* 33 NY2d 406). "Ordinarily what is required is a showing of a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper *(Buckley v Buckley,* 93 AD2d 973)" *(Kleindinst v Kleindinst,* 116 AD2d 988; *accord, Stagliano v Stagliano,* 132 AD2d 975; *Green v Green,* 127 AD2d 983). Further, a higher degree of proof is required where the marriage is one of long duration *(Brady v Brady,* 64 NY2d 339; *Hessen v Hessen, supra).*

Here, the allegations of the complaint fail to show serious misconduct on the part of defendant and fail to demonstrate in evidentiary form that continued cohabitation would be "unsafe or improper" (Domestic Relations Law § 170 [1]). Accordingly, the motion to dismiss should have been granted because plaintiff failed to demonstrate merit *(Kel Mgt. Corp. v Rogers & Wells, supra).* It follows that plaintiff's cross motion to compel acceptance of service of the complaint must be denied. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.,—dismiss action.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.

■ DIANE DAVIS, Individually and as Parent and Natural Guardian of REBECCA L. CONNOR, an Infant, Appellant, v JUDY L. DAVIS et al., Defendants, and LITTLE FALLS CENTRAL SCHOOL DISTRICT, Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term, O'Donnell, J. (Appeal from order of

Supreme Court, Herkimer County, O'Donnell, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.

■ DIANE DAVIS, Individually and as Parent and Natural Guardian of REBECCA L. CONNOR, an Infant, Plaintiff, v JUDY L. DAVIS et al., Defendants. DIANE DAVIS, Individually and as Parent and Natural Guardian of REBECCA L. CONNOR, an Infant, Appellant, v LITTLE FALLS FONDA BUS CORPORATION, Respondent. (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term, O'Donnell, J. (Appeal from order of Supreme Court, Herkimer County, O'Donnell, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.

■ ENVIROGAS, INC., Respondent, v WALKER ENERGY, INC., et al., Appellants, et al., Defendants.—Order unanimously affirmed with costs. Memorandum: We affirm for the reasons stated in the decision at Special Term (Fudeman, J.). We add only that the agreements were not ambiguous. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—partial summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.

■ JACKSON E. PAGE, Appellant, v LAR LAKESHORE CORPORATION et al., Respondents. JACKSON E. PAGE, Appellant, v ELI BRIDGE COMPANY, INC., Respondent.—Order unanimously reversed on the law with costs, motion to consolidate granted, and matter remitted to Supreme Court, Ontario County, for further proceedings, in accordance with the following memorandum: Plaintiff's son died as a result of injuries suffered when he allegedly was thrown from an amusement ride at Roseland Park in Canandaigua, New York. Plaintiff commenced an action against the owners and operators of Roseland Park and its amusement ride and subsequently commenced a separate action against Eli Bridge Company, the manufacturer of the ride. Following separate discovery in each action, the plaintiff moved to consolidate the actions.

We conclude that denial of the motion for consolidation was an improvident exercise of discretion. Eli Bridge, the sole opponent of consolidation, conceded that the actions were of such a nature that consolidation would be appropriate, and its assertion that further discovery might delay a trial and impose further expense lacks significance when weighed against the need for judicial economy and the potential prejudice to plaintiff that could result from inconsistent verdicts *(see, Okin v White Plains Hosp.,* 97 AD2d 399). We also note that the